# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2011

No. 10-50904
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSIE LOZANO-RIVAS, also known as Ramon Lozano-Rivas, also known as
Jesus Lozano-Rivas,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3301-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jessie Lozano-Rivas appeals his conviction, following a jury trial, on one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). He contends that the district court abused its discretion in denying his motion for a psychiatric examination brought pursuant to 18 U.S.C. § 4241(a) and (b). In support, Lozano-Rivas contends that his insistence that he was a United States citizen and that he was not convicted for illegal reentry in an earlier criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding – in view of documentary evidence indicating that he was so convicted, as well as his guilty plea convictions in other proceedings for illegal reentry and having made a false claim to United States citizenship – constituted irrational behavior.

Lozano-Rivas has not shown that "reasonable cause" existed to put the district court on notice that he might be mentally incompetent to the extent he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* § 4241(a); *United States v. Davis*, 61 F.3d 291, 304 (5th Cir. 1995). Lozano-Rivas offers no evidence of a history of irrational behavior on his part or of medical opinions given to the district court that should have led the court to question his competence. *See United States v. Messervey*, 317 F.3d 457, 463 (5th Cir. 2002). His statements before and during trial that he was a United States citizen and that he was not previously convicted for illegal reentry are insufficient to make the district court's denial of his motion for a psychiatric examination an abuse of discretion. *See id.*; *Davis*, 61 F.3d at 304.

AFFIRMED.